# Richmond

## Ruth S. Henning v. Betty K. Kyle and Z. T. Kyle.

November 21, 1949.

Record No. 3536.

Present, All the Justices.

The opinion states the case.

*Allen, Allen & Allen* and *Edward A. Gage,* for the plaintiff in error.

*Denny, Valentine & Davenport* and *R. Westwood Winfree,* for the defendants in error.

MILLER, J., delivered the opinion of the court.

Betty K. Kyle and Z. T. Kyle, plaintiffs below and here so designated, instituted this action against Ruth S. Henning, who will be hereinafter referred to as defendant. They claimed damages for alleged breach of contract because of defendant's refusal to pay for certain real estate that she had agreed to purchase from them. Two jury trials were had. On the first, a verdict was returned substantially in favor of defendant. It is in the following words and figures:

"We the jury on the issue joined, find for the defendant but agree that she should forfeit her deposit of $705.00, and be required to pay $600.00 rental for time of occupancy of 1602 Cedar Lane."

On motion of plaintiffs, that finding was set aside and a new trial awarded. It resulted in a verdict of $4,415 in their favor. From judgment entered thereon, this writ of error was granted defendant.

At the outset and before we examine any proceedings had upon the second trial, it becomes necessary to ascertain whether the court erred in vacating the first verdict.

It appears from the record that defendant agreed to purchase from plaintiffs for $17,750, their home known as 1602 Cedar Lane. After viewing and fully inspecting the interior and making a partial inspection of the exterior of the residence, defendant executed a written contract of purchase and paid down the sum of $705. She took possession of and occupied the premises for about six months, but finally refused to make further payment and moved out. The property was then sold by plaintiffs to another for $13,500, that being the best price obtainable. Plaintiffs thereafter sued defendant for damages sustained due to her refusal to fulfill the contract.

The defense asserted to the action was that plaintiffs and their agent had induced defendant to sign the contract of purchase by fraudulent representation of material facts. She denied all liability and, by way of a special plea of set-off, sought return of the $705 paid by her.

Plaintiffs contend that one of the instructions given on the first trial was erroneous because it submitted to the jury non-factual and immaterial issues and directed a finding in favor of defendant if she prevailed on any of those inconsequential matters. They also insist that the verdict is fatally defective in substance and form. For these reasons they say it was properly set aside and a new trial awarded.

Defendant says that the jury were properly instructed and their verdict was a finding in her favor on the chief issue, which was whether or not she had been induced to execute the contract as a result of fraudulent representation of material facts. She insists that the trial court should have entered judgment upon that favorable finding for her on the main question presented. So much of the verdict as forfeits defendant's payment of $705 and charges her with rent for the use of the premises, she says, ought to have been set aside and a judgment for the $705 entered against plaintiffs. She urges that such action now be taken by this court.

Instruction No. 6, complained of by plaintiffs, reads:

"The Court instructs the jury that if a seller or his agent

makes a positive statement of fact as to the condition of real estate to a prospective purchaser, and the purchaser relies entirely upon such representations, there is no duty on the purchaser to disbelieve such representations or to make a separate investigation of her own, if the seller was in a better position to know the condition than the purchaser. If such representations of fact are made by the seller or by the seller's agent and the misrepresentation is of a material fact of importance, which might ordinarily have caused the purchaser to hesitate before agreeing to such purchase, upon discovering the falsity of such representations the purchaser has the right to withdraw from the contract, provided there is no undue delay in doing so.

"If the jury should find from the evidence that Mrs. Kyle, one of the owners, or Mr. Franklin, the real estate agent representing Mrs. Kyle, told the defendant, Mrs. Henning, that *the house was in good condition*, that the roof did not leak, that there was nothing wrong with the plumbing, and that the heating system was in perfect condition, that the house in question was built about 1939 or 1940, of pre-war materials, and *was an exceptionally good value for the money*, and if you should further find from the evidence that any or all of these representations were untrue, that the plaintiffs had lived in the house, that Mrs. Henning relied on such representations and signed the contract to purchase in the belief that such representations were true, and if you further find from a preponderance of the evidence that in addition to the falsity of the specific statements as to the leaking condition of the house, the plumbing, or the defective condition of the heating system, that a serious and expensive defect exists in the brick wall, structure or foundation of the house, your verdict should be in favor of defendant, Mrs. Henning." (Emphasis added.)

The brief statement of that part of the evidence heretofore recited which discloses that there was an inspection and view of the premises by the purchaser before she executed the contract is sufficient upon which to determine

that the instruction was unwarranted and should not have been given.

It is a finding instruction and aside from being poorly phrased, much involved, and in the first paragraph assuming to be true matter not sustained by the evidence, it, without more, allows and directs the jury to treat and consider statements alleged to have been made to defendant by plaintiffs or their agent to the effect that the "house was in good condition" and that it was "an exceptionally good value for the money" as definite representations of material facts justifying rescission of the contract, whereas such statements usually measure up to nothing more than what is commonly considered "puffing" or "dealers' talk."

We find in 37 C. J. S., "Fraud", sec. 13, at p. 241:

"Mere commendatory statements, or 'dealers' talk,' 'trade talk,' or 'puffing,' do not constitute fraud, because these are generally regarded as mere expressions of opinion which cannot rightfully be relied on, at least where the parties deal on equal terms. The foregoing rules, however, are inapplicable where the speaker transcends the limits of puffing and makes his misrepresentations as statements of fact."

Though the defendant had made her own inspection of the premises, the jury was told that if those two phrases or either of them were actually or in effect used by the agent or the owner in attempting to make the sale and were untrue and relied upon by defendant, then a finding should be made in her favor. This was error.

Phrases or statements of that nature concerning the character, condition or worth of real estate though voiced for the purpose of impressing the prospective purchaser partake of and are usually recognized as being expressions of opinion rather than of material facts. 55 Am. Jur., "Vendor and Purchaser," sections 79 and 82, pp. 553, 556.

Where parties deal at arm's length, the statement of matters of opinion by the owner or his agent, though found by the jury to be untrue, not being representations of factual matter which are material, seldom justifies avoidance of the

contract for the purchase of real estate. Especially is this true when the purchaser is then availing or has availed himself of an independent investigation and inspection of the property. *Lake* v. *Tyree*, 90 Va. 719, 19 S. E. 787; *Wren* v. *Moncure*, 95 Va. 369, 28 S. E. 588; *West End Real Estate Co.* v. *Claiborne*, 97 Va. 734, 34 S. E. 900; *Masche* v. *Nichols*, 188 Va. 857, 51 S. E. (2d) 144; 37 C. J. S., "Fraud", sec. 34, p. 278 and 55 Am. Jur., "Vendor and Purchaser", secs. 58 and 66, pp. 528 and 537.

Under the facts recited, we are of opinion that Instruction No. 6 was unjustified and calculated to mislead the jury. For that reason it was incumbent upon the trial court to set aside the verdict and award a new trial. That being true, it becomes unnecessary to determine whether the verdict was defective in form or substance and upon that we express no opinion.

We now turn to the proceedings had upon the second trial.

None of the evidence adduced upon the first trial may be considered in determining whether or not false representations of material facts upon which she relied were made to defendant. The sufficiency of the evidence depends alone upon the testimony given or offered at this trial. It may not be supplemented or aided by that appearing in the record as having been given on the first trial.

Plaintiffs, on the second trial, proved that defendant visited and inspected the premises and then executed the written contract. At this trial they also proved that she took possession about two weeks later, and, after occupying the residence for six months, moved out and refused to make further payments. Plaintiffs then made resale of the property for a considerably lower price.

It was stipulated by counsel that if plaintiffs were entitled to recover, their damages amounted to what was ultimately fixed by the jury in their verdict.

In justification of her refusal to pay the purchase price and in substantiation of her claim that plaintiffs and their

agent induced her to sign the contract by false representation of material facts which she believed to be true, defendant, on this the second trial, said:

"They said it was a substantial, well-built house and had been built by the contractor for his own use and it was easy to heat and that I wouldn't have to worry about a thing, all I would have to do was move in, that it was in good repair in every way. * * *

"They told me it was in excellent condition and it was a substantial, well-built house and all I had to do was move in, wouldn't have to worry about anything, that it was easy to heat and the plumbing was in good condition."

These are all the representations of alleged material facts offered in evidence by defendant. To establish their untruth, she testified that she had to "make repairs on the oil burner and plumbing," that "the oil burner had worn out and needed a new generator" though it had been stated to be in fine running condition, and that "the plumbing was worn around the joints and the sinks were stopped up." The extent or character of these ordinary defects often existing in a house several years old, as this was shown to be, is not given, nor is the cost to remedy them stated.

She further testified that during a severe sleet and snow storm there was a leakage of water through a crack and defect in the north wall of the house. She then offered in evidence pictures of the exterior wall where the crack is located, and the testimony of an architect, a contractor and others concerning its extent and cause.

There is no proof that any representation or statement was made by plaintiffs or their agent about the walls or their condition, nor is there any intimation that anything was done tending toward concealment. Though defendant said she was not actually aware of the defects in the wall when she signed the contract, the exhibits disclose cracks of some moment that are obvious to the most casual view. The witnesses attributed them to faulty construction and said it would cost from $1,000 to $2,000 to remedy them, and

that their presence lessened the value of the house a considerable amount.

On motion of plaintiffs the defendant's testimony was stricken out and this evidence rejected. The court evidently concluded that the statements testified to by defendant as having been made to her by plaintiffs and their agent and which she claimed induced her to buy were not representations of material fact but mere "puffing" or permissible "dealers' talk."

There is but one question presented: Do the alleged statements, under the circumstances, measure up to representations of material facts which defendant was entitled to rely upon, and if untrue, justify avoidance of the contract? If so, her testimony should not have been stricken out, and the evidence rejected should have been admitted. Yet, if they constitute mere expressions of opinion or dealers' talk, she would not be entitled to recover, whatever defects were ultimately found to exist in the residence.

Upon the authorities heretofore cited in this opinion, and the reasons given, we conclude that under the circumstances of this case the statements testified to by defendant on the second trial which were made to her by the agent and by the owners of the premises were expressions of opinion rather than false representations of material facts which would avoid the sale, and hence the judgment of the lower court is affirmed.

*Affirmed.*