# Richmond

## JESSE THOMAS PERRY v. ROY K. THOMPSON

March 7, 1955.

Record No. 4306.

Present, Hudgins, C.J., and Eggleston, Buchanan, Miller, Smith and Whittle, JJ.

The opinion states the case.

*Rixey & Rixey*, for the plaintiff in error.

*Herbert & Bohannon*, for the defendant in error.

EGGLESTON, J., delivered the opinion of the court.

This litigation arises out of a collision between two motor vehicles which occurred at the intersection of DeBree avenue and Thirtieth street, in the city of Norfolk, on July 28, 1953, at approximately 1:40 p. m. Roy K. Thompson was driving a panel truck southwardly along DeBree avenue, while Jesse Thomas Perry was driving an Oldsmobile sedan eastwardly

along Thirtieth street. When the two vehicles reached the approximate center of the intersection the front of the Perry car collided with the right side of the Thompson truck at the door, damaging both vehicles and injuring both drivers.

Thompson filed an action at law against Perry to recover damages for his personal injuries. Perry filed a cross-claim against Thompson to recover damages for his (Perry's) personal injuries and damage to his car. There was a jury trial which resulted in a verdict awarding Thompson the sum of $2,000 on his original claim and rejecting Perry's cross-claim. The trial court entered a final judgment in accordance with the verdict and the matter is now before us on a writ of error awarded Perry.

Perry does not complain of the verdict and judgment in so far as they deny his cross-claim, but insists that the evidence is insufficient to support the award of damages to Thompson. Specifically, the contention is that Thompson was guilty of contributory negligence which bars his right of recovery. The parties will be sometimes referred to as they appeared in the lower court.

The collision occurred in a residential section where the speed limit is twenty-five miles per hour. There are no stop signs or traffic lights or traffic controls at the intersection. The width of the streets is not shown in the evidence. At the time of the collision the weather was, as the plaintiff said, "clear" and "sunshiny."

The plaintiff, Thompson, testified that as he approached the intersection, driving southwardly along DeBree avenue, he was proceeding at from fifteen to twenty miles per hour; that he "looked both ways" and "didn't see anything;" that when he reached the "edge of the intersection" he again "looked both ways and saw nothing coming;" and that when the front wheels of his truck were crossing the center of Thirtieth street, for the first time he saw to his right the Perry automobile which was proceeding "pretty fast" or at "a very rapid speed." He estimated that when he first saw the Perry car it was "a couple of car lengths from the start of the in-

tersection," but before he (Thompson) had time to apply his brakes the collision occurred. In other words, he said, the collision occurred in less than "a split second" after he first saw the Perry car. He gave no reason or excuse for failing to see the Perry car sooner.

Thompson further testified that immediately after the accident he said to Perry, "Golly, what happened?" and that Perry replied, "Gosh, I didn't see you."

The defendant, Perry, who was going east on Thirtieth street, testified that when he was about twenty to twenty-five feet west of the intersection he could then see to his left and north on DeBree avenue a distance of about fifty feet. At that time he said there were no cars on DeBree avenue. He continued on, at a speed of about twenty miles per hour, and as the front end of his car was entering the intersection he saw the Thompson truck for the first time and it was then on his left about thirty-five feet north of the intersection, coming at a speed of from thirty to thirty-five miles per hour. Perry said that he applied his brakes and his car skidded from eighteen to twenty-feet to the point of the impact.

A traffic officer, called as a witness for the plaintiff, Thompson, confirmed Perry's statement as to the skid marks made by the Perry car. The officer found no skid marks to the rear of the Thompson truck.

Perry denied having admitted to Thompson that he had not seen the Thompson truck before the collision, explaining that the skid marks made by his (Perry's) car showed that he had seen the truck and applied his brakes before the collision occurred.

We are of opinion that Thompson's own testimony, viewed in the light of the undisputed physical facts, shows that he was guilty of contributory negligence as a matter of law in that he did not exercise ordinary care to keep a reasonable lookout for the approaching Perry car. Thompson's testimony is that he looked as he approached and again as he entered the intersection and yet never saw the on-coming Perry car. Indeed, he says, he did not see it until the moment before

the collision when his truck had reached the center of the intersection.

It is elementary that the driver of a motor vehicle approaching an intersection must exercise ordinary care to keep a reasonable lookout. He is not under an absolute duty to see an on-coming vehicle unless it is in such plain view that looking with reasonable care he is bound to have seen it. *Oliver* v. *Forsyth*, 190 Va. 710, 716, 58 S. E. (2d) 49, 51; *Hobbs* v. *Thorns*, 195 Va. 639, 645, 79 S. E. (2d) 854, 857. Stated conversely, the driver of a motor vehicle approaching an intersection is under the duty to see another vehicle which is in plain view. For, as was said in *Yellow Cab Co.* v. *Eden*, 178 Va. 325, 341, 16 S. E. (2d) 625, 631, "The driver of a car who keeps a lookout and fails to take advantage of what it discloses is as guilty of negligence as one who fails to keep a lookout. The result is usually the same."

Thompson gave no reason or excuse for his failure to see the Perry car which must have been in plain view even before his (Thompson's) truck entered the intersection. The collision occurred in daylight in an open intersection. There is no evidence of other traffic or anything to require or divert his attention. He testified that he was driving at the relatively slow speed of from fifteen to twenty miles per hour. It is undisputed that when the two vehicles were more than twenty-five feet from the intersection each was in plain view of the driver of the other. And yet Thompson's story is that just before entering the intersection he looked but did not see the on-coming car. We think the conclusion is inescapable that either Thompson did not look at all or looked so hastily or so carelessly that he failed to see the Perry car which was clearly visible to him. In short, he was guilty of contributory negligence as a matter of law which bars his recovery.

For these reasons the judgment complained of is reversed, the verdict of the jury awarding damages to the plaintiff, Thompson, is set aside, and a final judgment will be here entered denying his right of recovery.

*Reversed and final judgment.*