## Richmond

DONALD R. JUDGE, AN INFANT, &c. v. ALYCE M. BURTON.

January 21, 1957.

Record No. 4611.

Present, Hudgins, C. J., and Eggleston, Spratley, Buchanan, Miller and Whittle, JJ.

The opinion states the case.

*Spencer Gill* (*Rixey & Rixey*, on brief), for the plaintiffs in error.

*Nelson W. Coward* and *Archie L. Boswell* (*Pender, Coward & Boswell*, on brief) for the defendant in error.

WHITTLE, J., delivered the opinion of the court.

[■] Alyce M. Burton filed a motion for judgment against Donald R. Judge, Henry G. Judge, and Robert H. Burton, seeking to recover damages for personal injuries received while a passenger in an automobile driven by Robert H. Burton which collided with an automobile operated by the defendant Donald R. Judge and owned by defendant Henry G. Judge.

The plaintiff alleged that Robert H. Burton was guilty of "gross carelessness and negligence" and that Donald R. Judge, acting as agent of the defendant Henry G. Judge, was guilty of negligence which was the proximate cause of the accident.

Defendants Donald R. Judge and Henry G. Judge filed their answer and grounds of defense denying that they were guilty of negligence. They alleged that the negligence of the defendant Robert H. Burton was the sole proximate cause of the accident. Defendant Henry G. Judge filed an affidavit denying agency and denying operation and control of the automobile at the time of the accident.

At the trial on August 8 and 9, 1955, plaintiff took a nonsuit as to Henry G. Judge. The case then went to trial before a jury as to the defendants Robert H. Burton and Donald R. Judge. The jury returned a verdict in favor of the plaintiff against Robert H. Burton for $2,332.47, thus acquitting Donald R. Judge of negligence.

Thereupon the plaintiff moved to set aside the verdict in favor of defendant Judge and grant a new trial on the ground that the verdict was contrary to the law and the evidence. Defendant Burton moved the court to set aside the verdict against him and enter final judgment in his favor; whereupon the court sustained the motion of Burton, presumably upon the ground that gross negligence was not proved,[1] and also set aside the verdict in favor of Judge and awarded plaintiff a new trial as to him; to which Judge duly excepted.

Subsequently the new trial against Judge was had, resulting in a verdict for the plaintiff in the sum of $20,000. Judge moved the court to set aside the verdict as being contrary to the law and the evidence and to enter final judgment for him or in the alternative to award him a new trial. This motion was overruled and judgment

---

[1] A writ of error was refused Alyce M. Burton on her petition challenging the ruling of the court in setting aside the verdict of $2,332.47 in her favor against Robert H. Burton. Therefore this issue is not here involved. (198 Va. ——)

entered on the verdict, to which the defendant duly excepted.

Defendant relies upon seven assignments of error, five of which deal with errors allegedly committed in the second trial of the case, with which we are not here concerned. The first two assignments relate to the first trial, with which we are now concerned.

As stated in *Bostic* v. *Whited*, 198 Va. 237, 238, 93 S. E. 2d 334, 335:

"Under these circumstances it is the practice of appellate courts to consider the record and to pass upon errors in the order committed, and to reverse the judgment of the trial court for material error not waived whereby the party appealing is aggrieved. This is done without looking into subsequent proceedings. *Jones* v. *Old Dominion Cotton Mills*, 82 Va. 140, 3 Am. St. Reports 92. Thus if it is discovered that the court erred in setting aside the verdict in the first trial either because of the mistaken belief that the verdict was contrary to the evidence or for some other supposed error committed, the appellate court will annul the proceedings subsequent to the first verdict and enter judgment on it. I M. J., Appeal and Error, § 282, pp. 714, 715; Burks Pleading and Practice, 4th Ed., § 427, pp. 834, 835; *Brann* v. *F. W. Woolworth Co.*, 181 Va. 213, 24 S. E. 2d 424."

█ The question raised by the assignments of error dealing with the first trial can be stated as follows: Was the defendant Judge guilty of negligence as a matter of law which was a proximate cause of the accident?

The record discloses that on October 31, 1954, about 10:35 a. m., Judge was driving an automobile headed south on Herbert Street in Norfolk County (now in the City of Norfolk) when his automobile was struck on the left side by a car driven west on Cumberland Street by Robert H. Burton. The plaintiff, Alyce M. Burton, was a passenger in the Burton automobile and sustained injuries which were the basis of her action against both drivers.

Herbert and Cumberland Streets intersect at right angles; are 18 or 20 feet wide, with a slightly rough macadam surface. The streets are straight, level, and were dry at the time of the accident. There were no traffic controls at the intersection. The speed limit was 25 miles per hour.

There were houses on all except the northeast corner, on which there was a vacant lot 75 by 100 feet, with trees thereon which obstructed the vision of Judge so that it was impossible for him to see to the east (the direction from which Burton was approaching- until

Judge was about 75 feet from Cumberland Street. He could then see a distance of 65 or 75 feet to his left (east) on Cumberland Street, up to some bushes on the edge of the lot.

Judge was driving south on Herbert Street at 20 miles per hour. When he was about 75 feet from Cumberland Street he looked to his left up to the bushes, 65 or 75 feet east on Cumberland Street, at which time the Burton automobile was not in sight. He then slowed down and looked to his right. Judge was about 15 or 20 feet from Cumberland Street when he slowed down to 5 miles per hour and it was necessary for him to continue looking to his right until his car was entering Cumberland Street before he could clearly see west on Cumberland Street.

With his car in motion, Judge again looked to his left and his car was in the intersection when he saw the Burton automobile for the first time, 35 feet away, traveling at an approximate speed of 45 or 50 miles an hour, and skidding. Judge testified that if he had applied his brakes his car would have been struck, so, in an attempt to get out of the way "he stepped on the gas", and had increased his speed to about 10 miles per hour when his car was struck at the left front door by the Burton car. The impact occurred in the center of the intersection.

The Burton car left skid marks, measuring 48 feet, in the center of the street. The Judge automobile was knocked over to the southwest corner of the intersection, coming to rest on its right side after knocking down a 4 x 4 State highway number pole. The impact was so severe that the Judge car was irreparably damaged, resulting in a total loss. The whole rear seat of the Burton vehicle was torn loose by the impact and the plaintiff thrown to the floor.

At the instance of the defendant Judge, the court, without objection, gave the following instructions:

"D-1. The court instructs the jury that when two vehicles approach or enter an intersection at approximately the same time, the driver of the vehicle on the left shall yield the right of way to the vehicle on the right, and that the driver of any vehicle traveling at an unlawful speed shall forfeit any right of way which he might otherwise have hereunder.

"If you believe from the evidence that Mr. Judge had the right of way, and was not exceeding the speed limit, then it was the duty of Mr. Burton to slow down, stop, or turn aside to avoid the accident and any failure to do so was negligence, and if you believe from the evidence that such negligence on the part of Mr. Burton was the sole

proximate cause of the accident, then you should find for the defendant, Mr. Judge.

"D-2. The court instructs the jury that it was the duty of Mr. Burton to keep a reasonable lookout and to keep his car under reasonable control as he approached the intersection. In determining what constitutes reasonable lookout and control the jury is to consider the character of the intersection and all other conditions then existing.

"If you believe from the evidence that Mr. Burton failed in his duty in any of the above particulars and that such failure was the sole proximate cause of the accident, then you should find for the defendant, Mr. Judge.

"D-3. The court instructs the jury that if you believe from the evidence that the Burton automobile was traveling at an excessive rate of speed under the circumstances and conditions then existing at the scene of this accident, and that such excessive speed was the sole proximate cause of the accident, then you should find for the defendant Judge."

No objection being made to the instructions offered by Judge, they became the law of the case and are binding upon the litigants and upon us. *Babbitt* v. *Miller*, 192 Va. 372, 378, (headnote 1); 64 S. E. 2d 718, 722 (headnote 1).

The plaintiff relies upon our holding in *Perry* v. *Thompson*, 196 Va. 817, 819, 86 S. E. 2d 35, 36, as authority for her contention that Judge was guilty of negligence as a matter of law. In the instant case it is conceded that Judge had the right of way and that the view to his left was obstructed up to a short distance prior to his entry into Cumberland Street, while in the *Perry* case an open intersection was involved and the view unobstructed. In that case Mr. Justice Eggleston, speaking for the court, said:

"It is elementary that the driver of a motor vehicle approaching an intersection must exercise ordinary care to keep a reasonable lookout. He is not under an absolute duty to see an on-coming vehicle unless it is in such plain view that looking with reasonable care he is bound to have seen it. *Oliver* v. *Forsyth*, 190 Va. 710, 716, 58 S. E. 2d 49, 51; *Hobbs* v. *Thorns*, 195 Va. 639, 645, 79 S. E. 2d. 854, 857. Stated conversely, the driver of a motor vehicle approaching an intersection is under the duty to see another vehicle which is in plain view. * * *

"Thompson gave no reason or excuse for his failure to see the

Perry car which must have been in plain view even before his (Thompson's) truck entered the intersection. * * *" (196 Va., at p. 820)

It is obvious that the facts in the instant case are different from those in the *Perry* case.

It is argued by the plaintiff that on the second trial of the case Judge stated that he was in error on the first trial when he referred to the fact that his speedometer showed the speed at which he was traveling just prior to the collision; that as a matter of fact his speedometer prior to the accident was out of order and would not register the speed. It is contended that we should give consideration to this "false testimony" given by Judge in his statement on the first trial. Under the prevailing rule, if there was error in the first trial, an appellate court cannot consider evidence taken on the second trial even if it be false. We are confined to the record as made in the first trial, and if the court erred in setting aside the verdict in the first trial we annual or make void the proceedings subsequent thereto and enter judgment on the first verdict. *Bostic* v. *Whited, supra.* See also *Henning* v. *Kyle,* 190 Va. 247, 253 (headnote 5); 56 S. E. 2d 67, 69, 70 (headnote 4).

We are of the opinion that under the law and the evidence on the first trial it was for the jury to say whether Judge was guilty of negligence which was a proximate cause of the accident. Therefore the verdict of the jury in the first trial acquitting him of negligence is reinstated and judgment will be here entered in his favor. All proceedings subsequent to the first trial are annulled.

*Reversed and final judgment.*