# Richmond

IRMA MARY THOMPSON v. HAZEL KATHLEEN MANN.

January 18, 1960.

Record No. 5027.

Present, All the Justices.

The opinion states the case.

*Wilbur C. Allen* and *Frank C. Maloney, III* (*Allen, Allen, Allen & Allen,* on brief), for the plaintiff in error.

*Ernest G. Garrett, Jr.* (*John G. May, Jr.; May, Garrett, Miller & Newman,* on brief), for the defendant in error.

BUCHANAN, J., delivered the opinion of the court.

This is an action for damages brought by Irma Mary Thompson against Hazel Kathleen Mann for personal injuries resulting from a collision between the automobile driven by Miss Mann, the defendant, and a motorcycle on which Mrs. Thompson was riding behind her husband, who was operating it. Trial before a jury resulted in a verdict and judgment for the defendant, from which the

plaintiff, Mrs. Thompson, appeals on the ground, first, that as a matter of law the defendant was guilty of negligence which was a proximate cause of the collision.

The evidence, viewed as it now must be in the way most favorable to the defendant, presented these pertinent facts:

The accident occurred about 4:30 p.m., in September 1957, within the intersection of Richmond-Henrico Turnpike and Bancroft avenue, in the city of Richmond. The day was clear and the roads were dry. The Turnpike, which runs north and south, is 17 feet 10 inches wide; Bancroft, which runs east and west, is 30 feet wide. The speed limit in the area was 25 miles. There were no traffic signs or controls at the intersection.

Miss Mann was driving south on the Turnpike at a speed between 20 and 25 miles an hour. As she approached the intersection she slowed down and looked to her left. She could then see, as she expressed it, "I would say the distance of two houses. That is houses sitting on two lots." She then looked to her right and seeing no traffic approaching from either direction, she looked ahead and proceeded into the intersection. She had gotten well into the intersection when she realized there was a motorcycle right at her, about 6 feet away. She thought the motorcycle had not entered the intersection when she first saw it but she had the feeling it was turning to go around the front of her car. She applied her brakes and stopped. The front of her car struck the motorcycle at its right rear, turning it around and it landed on the southwest corner of the intersection. The plaintiff was thrown 10 or 15 feet beyond the motorcycle and up on the grass.

The plaintiff and her husband, on the motorcycle, had approached the intersection from the east and were going west on Bancroft. She was riding with her head down against her husband's back and did not see the automobile. Her husband testified that they approached the intersection at approximately 20 miles an hour. About 40 feet from the intersection he looked to his right, then to his left, and nothing was coming, he said, from either direction. By that time he was entering the intersection and as he looked to his right there was the automobile 10 or 15 feet away from him. He swerved to the left and the car struck the right rear of the motorcycle.

At the place of impact, as it was located by a police officer after the collision, the defendant had driven 16 feet into the intersection

and the motorcycle had traveled 7 feet 6 inches therein. The automobile made 6 feet of skidmarks and the motorcycle none.

The issue is whether reasonable men would necesarily conclude that the defendant, who had the right of way, Code 1950, § 46-238 (Replacement Vol. § 46.1-221), failed to look with reasonable care as she approached and entered the intersection.

"It is elementary that the driver of a motor vehicle approaching an intersection must exercise ordinary care to keep a reasonable lookout. He is not under an absolute duty to see an on-coming vehicle unless it is in such plain view that looking with reasonable care he is bound to have seen it." *Perry* v. *Thompson,* 196 Va. 817, 820, 86 S. E. 2d 35, 37.

The collision in that case was within an open intersection. When the two vehicles involved were more than 25 feet from the intersection each was in plain view of the driver of the other, and the conclusion was inescapable, we held, that the plaintiff did not look at all or looked so hastily or so carelessly that he failed to see the other car which was clearly visible to him, and he was therefore guilty of negligence as a matter of law.

The intersection in the present case was not an open one. A map drawn to scale by an engineer and a number of photographs introduced in evidence showed the character of it. As the defendant approached the intersection going south, there was on the northeast corner to her left, the direction from which the motorcycle came, a bank 3 feet high, on top of which was a hedge 3½ feet high, extending up close to the intersection. Between the edge of the Turnpike and the hedge were shrubs, a tree and a pole carrying wires. To her left of the hedge and on the lot at the corner were two others trees, one of which was immediately at the corner. Eighty feet or more back from the intersection and on the lot at the northeast corner was a frame structure, a corner of which was at the north end of the hedge. A little to the east and south of this structure and on the same lot was a two-story frame residence 15 feet east of the hedge, with a porch and railing extending to within 10 feet of the sidewalk along the north side of Bancroft. At the west end of the curb at the northeast corner were a mailbox, a small pole carrying street signs, and just east of them a small tree or bush.

Plaintiff's husband testified that as he approached the intersection from the east cars were parked along the curb to his right, one of

which was in front of the residence 30 or 40 feet from the intersection.

The engineer who made the map testified that from a point 60 feet north of the intersection he could see 68 feet to the east along Bancroft; from 40 feet he could see 106 feet, and from 20 feet a distance of 300 feet. However, he was standing still when he made these sightings and in view of the physical facts the jury were not necessarily required to believe that the defendant from the driver's seat of her moving vehicle was bound to see for those distances the motorcycle traveling, according to plaintiff's husband, at 20 miles an hour at 8 or 10 feet from the curb, which would be only 3 or 4 feet from the parked cars.

The jury also heard the plaintiff's husband, whose duty it was under the statute to yield the right of way to the defendant's automobile, testify that when about 40 feet from the intersection he looked to his right, could see about 40 feet up the Turnpike and did not see the defendant's automobile, a much more bulky vehicle than his motorcycle.

The situation here is very similar to that in *Judge* v. *Burton*, 198 Va. 664, 96 S. E. 2d 120. Judge, driving south at 20 miles an hour, collided in an intersection with a car being driven west by Burton. There were trees on a vacant lot at the northeast corner of the intersection so Judge could not see to his left along Cumberland, the intersecting street on which Burton was approaching, until he was about 75 feet from the intersection. The collision occurred in the center of the intersection. We held that whether Judge was guilty of negligence in failing to look with reasonable care was a question to be decided by the jury and not one of law to be decided by the court. We distinguished the *Judge* case from the *Perry* case, *supra*, and said "it is conceded that Judge had the right of way and that the view to his left was obstructed up to a short distance prior to his entry into Cumberland street, while in the *Perry* case an open intersection was involved and the view unobstructed."

The question in the present case was for the jury and the court did not err in refusing to set aside the verdict for the defendant.

The plaintiff contends, additionally, that the court erred in granting and refusing certain instructions. She did not designate any instructions for printing and none is printed in the record. The assignments of error relating to these rulings need not therefore be considered. Rule 5:1 § 6(f); *Stanpark Realty Corp.* v. *City of Nor-*

*folk,* 199 Va. 716, 725, 101 S. E. 2d 527, 534. It may be stated, however, that the plaintiff has printed in her reply brief the instructions given and those refused. Those given accurately and adequately instructed the jury how to apply the law to the facts of the case. Those refused either were not warranted by the evidence or were only repetitious or argumentative.

The judgment appealed from is

*Affirmed.*