# Richmond

## IDA L. GAUMONT, ET AL. v. STATE HIGHWAY COMMISSIONER OF VIRGINIA.

April 27, 1964.

Record No. 5730.

Present, All the Justices.

*Howard I. Legum* (*Louis B. Fine; Fine, Fine, Legum, Schwan & Fine*, on brief), for the plaintiffs in error.

*M. Ray Johnston, Assistant Attorney General (Robert Y. Button, Attorney General; Paul D. Stotts, Assistant Attorney, General,* on brief), for the defendant in error.

I'ANSON, J., delivered the opinion of the court.

This is an eminent domain proceeding instituted by the State Highway Commissioner to acquire title to a certain house and lot owned by Ida L. Gaumont and Francis J. Gaumont, her husband. The commissioners appointed to ascertain the value of the property to be taken awarded $5500 to the landowners, and from an order overruling exceptions to their report and confirming the award we granted the landowners a writ of error.

The landowners' contend that the court erred in (1) excluding certain evidence, and (2) refusing certain instructions.

The evidence shows that the property to be taken is located on Strand street in the Norview section of the city of Norfolk. The lot has a frontage of 100 feet and a depth of 400 feet, and there are many trees and pieces of shrubbery growing thereon. It is improved by a modest one-story, two-bedroom house with a detached utility room.

A witness for the Highway Commissioner testified that the fair market value of the land was $2000, the buildings $2070, and other improvements $630, for a total value of $4700. The landowners' witness was of the opinion that the fair market value of the land was $5500, and the improvements thereon $3200, for a total value of $8700.

A nurseryman testified that the trees and shrubbery on the lot were worth $3500, but the court sustained an objection to a question calling for an opinion of the witness as to the fair market value of the entire property.

James L. Coleman, Jr., owner of land in the section of the city where the property sought by the Highway Commissioner is located, testified that he had sold a lot located near the Gaumonts' property a short time prior to the institution of this condemnation proceeding, but he did not state its sale price. The witness was not permitted to give his opinion as to the market value of property located in the general area of the property to be taken.

The landowners say that the court erred in excluding the testimony of the nurseryman and Coleman. However, they did not

object and except to the rulings of the court excluding the testimony of these two witnesses. Indeed, they acquiesced in the court's ruling that Coleman had no special knowledge of the value of property in the area and was not qualified to give his opinion of its market value, by stating: "All right, step down, Mr. Coleman. I will abide by the Judge's ruling."

It was not until after the commissioners retired to consider the evidence and to ascertain the value of the property to be taken that the landowners excepted to the court's ruling in excluding the evidence of the witness Coleman and its refusal to grant instructions D-1 and D-2. No objection was made nor was exception taken to the exclusion of the nurseryman's testimony.

We have repeatedly said that in order to secure the right to have a question reviewed on appeal, objection to the trial court's ruling must be made and exception taken at the time the occasion arises, otherwise the point is waived. *Gall* v. *Tea Company*, 202 Va. 835, 838, 839, 120 S. E. 2d 378, 381; *Smith* v. *Board of Supervisors*, 201 Va. 87, 93, 109 S. E. 2d 501, 506, 507; *Daniels* v. *Morris*, 199 Va. 205, 213, 214, 98 S. E. 2d 694, 700; 1 Mich. Jur., Appeal and Error, § 103, p. 558; Burks Pleading and Practice, 4 ed, § 302, p. 546. Hence we will not consider the rulings of the trial court excluding this evidence.

Moreover, the court's action in refusing instructions D-1 and D-2 cannot be considered. Although the landowners printed the instructions in their brief, they failed to designate them for printing and they are not in the printed record. Rule 5:1, § 6(f), requires that all matters germane to errors assigned must be designated for printing, and printed, in the record or they will not be considered by this Court. *Thompson* v. *Mann*, 201 Va. 528, 531, 532, 111 S. E. 2d 792, 795; *Realty Corp.* v. *City of Norfolk*, 199 Va. 716, 725, 101 S. E. 2d 527, 534; *Railway Co.* v. *Barden*, 200 Va. 98, 104, 104 S. E. 2d 13, 17.

The case of *Gabbard* v. *Knight*, 202 Va. 40, 116 S. E. 2d 73, relied on by the landowners, has no application here. It is true that the instructions in that case were not in the printed record, but there we said the case was submitted to the jury on erroneous principles of law and we would consider the instructions furnished to us as addenda to the briefs in order to meet the ends of justice.

In the instant case the commissioners were told by instructions granted on behalf of the landowners and the Highway Commissioner to take into consideration all elements which go to make up

the fair market value of the property to be taken. All the instructions granted accurately and adequately informed the Commissioners of their duties.

Notwithstanding the failure of the appellants to print the instructions in the record, examination of them shows that they were properly refused. Instruction D-1 stated an erroneous principle of law, and D-2, while directed to a correct principle of law, was erroneously stated and misleading.

For the reasons stated, the order is

*Affirmed.*