## CIRCUIT COURT OF FAIRFAX COUNTY

Reston Pressure Seal, Inc.

v.

Northern Virginia
Waterproofing, Inc., et al.

July 6, 1988

Case No. (Chancery) 105610

By JUDGE LEWIS HALL GRIFFITH

This matter is before the Court on three separate demurrers to complainant's Bill of Complaint which have been filed by defendants Seaboard Asphalt Products Company, Foundation Sealers, Inc., and Steve Conroy. I might add that at the time I took this matter under advisement, complainant had filed a demurrer to defendant Seaboard's Cross-bill. However, by virtue of a Consent Order entered on June 21, 1988, that demurrer is now moot.

I have carefully reviewed the pleadings, as well as the arguments and briefs of counsel. For the reasons specified below, I find that complainant's Bill of Complaint is sufficient at law to withstand challenge and therefore overrule each of the three demurrers.

The basic question presented by these demurrers is whether complainant's Bill of Complaint alleges a prima facie case of the claims asserted. In deciding this question, the Court "must adhere to the rule that '[a] demurrer admits the truth of all material facts that are properly pleaded'." *Duggin, Trustee v. Adams*, 234 Va. 221, 223 (1987) (original bracket). Material facts are those which are specifically set forth, as well as those which can

be fairly implied and justly inferred from the facts pleaded. *Id.* at 820-21 (citation omitted).

Complainants' pleading sets forth three causes of action: statutory conspiracy to injure another in his trade, business, or profession; tortious interference with actual and prospective contracts; and common law conspiracy to harm business. In each instance, complainant has adequately alleged all that is necessary to state valid causes of action. There are, however, two points which merit special attention.

First, with respect to Count I, defendants argue that complainant fails to allege that defendants willfully and maliciously sought to injure complainant or that they committed a crime. They rely on a number of cases, including *Greenspan v. Osheroff*, 232 Va. 388 (1986), for the proposition that, under Virginia Code Sections 18.2-499(a) and 18.2-500(a) (Repl. Vol. 1982), one cannot conspire to do what the law allows.

When read together, §§ 18.2-499(a) and 18.2-500(a) permit complainant to seek the relief for the conspiracy it alleges. Section 18.2-499(a) provides that persons who conspire to accomplish any one of three objectives are guilty of a Class 3 Misdemeanor. One of these objectives is to "willfully and maliciously injur[e] another in his reputation, trade, business, or profession *by any means whatsoever.*" Virginia Code § 18.2-499(a). By its own terms, the statute defines the crime and requires punishment in addition to any civil relief recoverable under Section 18.2-500. The latter section permits civil recovery for the very conspiracy that complainant alleges. Nowhere in these statutes is there a requirement that complainant must plead and prove a crime in order to obtain civil relief. Complainant need only show that it was "injured . . . by reason of a violation of § 18.2-499." Virginia Code § 18.2-500(a). *See also Allen Realty Corp. v. Holbert*, 227 Va. 441 (1984), and *Greenspan v. Osheroff*, 232 Va. 388 (1986).

Second, with respect to Count II, defendants argue that, under the law in this Commonwealth, there is no cognizable claim or right to recover in either equity or law from a competitor based on the competitor's expression of his opinion about the quality of another's product

when the opinions expressed amount to nothing more than trade talk or puffing.

Although defendants correctly state the law as it exists, these principles are not applicable when the competitor "transcends the limits of puffing and makes his representations as statements of fact." *Henning v. Kyle*, 190 Va. 247, 252 (1949). Even a cursory reading of the Bill of Complaint reveals that complainant alleges that defendants interfered with complainant's business by making factual misrepresentations about the effectiveness of defendants' product, RPS-1, in relation to complainant's product, LN-4.

With respect to all other points presented by defendants' demurrer, I find them to be insufficient to justify an attack on complainant's pleading. Consequently, defendants' demurrers are overruled.