## CIRCUIT COURT OF FAIRFAX COUNTY

Cushman

v.

Bennett

October 4, 1988

Case No. (Law) 83853

By JUDGE THOMAS A. FORTKORT

This matter is before the Court on Defendants' Motion for Summary Judgment and the opposition thereto. For the reasons specified below, defendants' motion is granted.

On March 20, 1987, plaintiffs entered into a sales contract with the defendants for the purchase of defendants' residence in Vienna, Virginia. Plaintiffs made the contract expressly contingent upon a professional opinion certifying the structural integrity of the home. Plaintiffs hired HomeChek, Inc., to perform this inspection. HomeChek informed plaintiffs that the house was structurally sound, and accordingly, plaintiffs removed the inspection contingency from the sales contract.

Plaintiffs discovered serious structural defects in the home shortly after they assumed occupancy in August of 1987. Plaintiffs' motion for judgment alleges that defendants fraudulently induced them to enter into the sales contract by knowingly misrepresenting and concealing the defects in the property and by orally stating that the house was structurally sound.

Defendants have set forth four arguments in support of their motion for summary judgment. First, that defendants made no false representation of a material fact. Secondly, that plaintiffs were not justified in relying on defendants' statement. Thirdly, that the doctrine of *caveat emptor* bars recovery by plaintiffs. Finally, that the integration clause precludes the parties from being bound by any oral statements, warranties, or representations.

The elements of a cause of action for actual fraud are: (1) a false representation, (2) of a material fact, (3) made intentionally and knowingly, (4) with intent to mislead, (5) reliance by the party mislead, and (6) resulting damage to the party mislead. *Winn v. Aleda Const. Co.*, 227 Va. 304, 308, 315 S.E.2d 193, 195 (1984).

## A. *Statement of the Plaintiff*

The basis for plaintiffs' fraud claim is the statement by Mr. Bennett that the house was "structurally sound." A statement upon which a cause of action for fraud is based must be one of material fact. It is regarded as fundamental that fraud cannot be predicated upon what amounts to a mere expression of opinion. *Poe v. Voss*, 196 Va. 821, 86 S.E.2d 47 (1955).

"In determining whether a statement made in the context of a real estate sales transaction is one of opinion or one of fact, the subject matter, the form of the statement, the attendant circumstances, and the knowledge of the parties must be considered." *Id*. at 825, 86 S.E.2d at 49.

Mr. Bennett's statement was a response to a question as to the general condition of the residence. Plaintiffs' inquiry was made prior to execution of the sales contract. This sales contract included a mandatory inspection provision to determine the structural integrity of the home.

The classification of these statements has been addressed by the Virginia Supreme Court which stated that:

> Phrases or statements concerning the character, condition, or worth of real estate, to the effect that it is "in good condition" and "an exceptionally good value for the money," though voiced for the purpose of impressing the prospective

purchaser, partake of and are usually recognized as being expressions of opinions rather than of material fact.

*Henning v. Kyle*, 190 Va. 247, 252, 56 S.E.2d 67, 69 (1949).

Based on the factors set forth above and the guidance provided by *Henning*, the Court finds that Mr. Bennett's statement is an opinion not an expression of fact.

### B. *The Inspection Provision*

The inspection provision bars plaintiffs from maintaining that they were justified in relying on Mr. Bennett's opinion. It is uncontradicted that plaintiffs had the defendants' home professionally inspected after Mr. Bennett's statement.

This subsequent inspection precludes the plaintiffs from establishing that they justifiably relied on Mr. Bennett's statement. The Virginia Supreme Court has noted that a party who institutes their own inquiry after a representation of fact, and actually learns the real facts, cannot claim to have relied upon the misrepresentation and to have been mislead by it. *Poe* at 827, 86 S.E.2d at 50.

Assuming, arguendo, that Mr. Bennett's statement was a misrepresentation of a material fact, *Poe*, as a matter of law, precludes the plaintiffs from establishing their reliance on Bennett's statement.

The words used by the defendant were an expression of opinion and plaintiffs did not and could not rely upon these words where their contract requires the inspection of the premises by a third party professional of plaintiffs' own choosing. Plaintiffs have failed to set forth the elements of a cause of action for fraud.

Defendants' arguments as to the doctrine of *caveat emptor* and the effect of the contract's integration clause may be further bars to plaintiffs' action but need not be reached to decide this motion in light of the foregoing discussion.