into an easement by prescription. (*Moore* v. *Day,* 199 App. Div. 76, 86, affd. 235 N. Y. 554.) Nolan, P. J., Carswell and Adel, JJ., concur; Sneed and Wenzel, JJ., concur in result, on the ground that the record does not establish the easement alleged in the complaint. [See *post,* p. 800.]

EMILIO POCCIA, as Limited Administrator of the Estate of STEPHEN POCCIA, Deceased, Respondent, v. CITY OF NEW YORK, Appellant, et al., Defendants.—

In our opinion the verdict was excessive. Nolan, P. J., Carswell, Adel and Sneed, JJ., concur; Wenzel, J., concurs in the reversal of the judgment, but otherwise dissents and votes to dismiss the complaint, with the following memorandum: There was here no such propinquity of the negligence of the two defendants, that we may say that the negligence of the City of New York was the proximate cause of the accident. It was indeed the *causa sine qua non* but the negligence of the driver of the automobile which struck the boy was the *causa causans* of the accident. There was here no " unbroken connection between the act and the injury — a continuous operation." (*Trapp* v. *McClellan,* 68 App. Div. 362, 368.) The only testimony connecting the city with this accident discloses that the automobile which struck the deceased infant was 300 feet from him as he tried to extricate his foot from the hole in the pavement. There appears no reason why the defendant driver of the car should not have seen him; others did, and he testified that he saw other boys on the scene. While the jury found in his favor, I find it significant that the jurymen inquired of the court whether they might apportion their verdict as between the defendants. The negligence of the driver of the car was an active, independent, intervening factor which brought about the happening of the accident.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ADRIAN GERARD, Appellant.—

No opinion. Present — Nolan, P. J., Carswell, Adel, Wenzel and MacCrate, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ISIDORE GOLDMAN, Appellant.—