■ KYI-UNG DZUNG, Appellant, v. EDWARD COCOLICHIO, Respondent.— In an action to impress a trust on real property, the appeal is from an order denying appellant's motion, made four years after the action had been placed on the calendar, to take his own testimony by written interrogatories in Hong Kong. Order affirmed, with $10 costs and disbursements. No opinion. Nolan, P. J., Murphy, Ughetta, Hallinan and Kleinfeld, JJ., concur.

■ JOSEPH A. FILANCIA, as Administrator of the Estate of ANTHONY J. FILANCIA, Deceased, Respondent, v. TOWN OF HARRISON, WESTCHESTER COUNTY, et al., Appellants.— In an action to recover damages for the wrongful death of a two-year-old boy who was killed by a truck while playing in the private driveway of his home, the appeal is from the judgment entered on the verdict of a jury for $27,500, of which $1,342 concededly consisted of special damages, and from the amendment judgment entered thereon. Amended judgment reversed and a new trial granted unless within 15 days after entry of the order hereon respondent stipulate to reduce the verdict in his favor to $13,342, in which event the amended judgment as so reduced is unanimously affirmed, without costs. Appeal from original judgment dismissed, without costs. In our opinion, appellants' liability was properly submitted to the jury as a question of fact (*Stein* v. *Palisi*, 308 N. Y. 293). While we recognize that the purchasing power of the dollar has somewhat diminished since 1951, when we had occasion to admeasure pecuniary damages in death actions, under the circumstances of this case, we are of the opinion that a current award of more than $12,000 pecuniary damages for the wrongful death of a two-year-old infant is excessive (*Barth* v. *Central School Dist.*, 278 App. Div. 585; *Marianiello* v. *Bloomquist*, 278 App. Div. 955; *Poccia* v. *City of New York*, 279 App. Div. 761, affd. 304 N. Y. 664). Wenzel, Acting P. J., Beldock, Murphy, Ughetta and Hallinan, JJ., concur.

■ BENJAMIN C. HARVEY, Appellant, v. JOHN P. GRIFFITH, Respondent.— In an action to set aside an order of the City Court of Mount Vernon, and for other relief, the appeal is from an order of said court dismissing the complaint (Rules Civ. Prac., rule 106, subd. 4). Order unanimously affirmed, without costs. No opinion. Present — Wenzel, Acting P. J., Beldock, Murphy, Ughetta and Hallinan, JJ.

■ In the Matter of EILEEN ABIUSO, an Infant, by CARMINE ABIUSO, Her Natural Guardian, Respondent, against NEW YORK CITY TRANSIT AUTHORITY, Appellant.— Appeal from an order granting an application for leave to serve a notice of claim, pursuant to section 50-e of the General Municipal Law. Order reversed, without costs, and motion denied, without costs. Respondent was little short of 20 years of age at the time of the accident. She first consulted a physician 25 days, and a lawyer about 120 days, after the accident. The papers on this application were served more than 60 days after the expiration of the 90-day statutory period. No showing was made that the failure to serve a notice of claim within the 90-day period was due to any of the disabilities set forth in the statute. Nolan, P. J., Wenzel, Beldock, Murphy and Kleinfeld, JJ., concur.