# Howard, Appellant, v. Philadelphia.

*Municipal corporations—Officers and agents—Negligence—Liability—Discretionary duties.*

1. When a legal duty has been imposed by statute upon a municipal corporation, it is liable for injuries resulting from the neglect thereof, but the duty imposed must be absolute or imperative, not such as, under a grant of authority, is entrusted to the judgment and discretion of the municipal authority. A municipal corporation is not liable for an action for damages either for the nonexercise of, or for the manner in which, in good faith, it exercises discretionary powers of a public or legislative character.

2. A municipality is not liable to respond in damages for injuries occasioned through the neglect, incompetency or wrongful

act of its duly appointed officers, in enforcing sanitary regulations to prevent the spread of contagious diseases.

3. The health authorities of the City of Philadelphia established a quarantine in a certain district in which plaintiff resided. In order to be relieved from the regulations of the quarantine, plaintiff submitted to vaccination by a physician employed by the board of health. The operation was negligently performed, in consequence of which a serious illness resulted, causing the amputation of one of plaintiff's limbs. In an action against the city to recover damages for the injuries so suffered, a verdict was recovered. *Held,* the court did not err in entering judgment for the defendant non obstante veredicto.

Argued March 22, 1915. Appeal, No. 377, Jan. T., 1914, by plaintiff, from judgment of C. P. No. 5, Philadelphia Co., March T., 1912, No. 3304, for defendant, n. o. v., in case of Camillus C. Howard v. the City of Philadelphia. Before BROWN, C. J., MESTREZAT, ELKIN and STEWART, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before HENRY, J., specially presiding.

The opinion of the Supreme Court states the facts.

Verdict for plaintiff for $5,000. The court, in an opinion by HENRY, J., entered judgment for defendant, n. o. v. Plaintiff appealed.

*Error assigned* was the judgment of the court.

*Edwin M. Abbott,* for appellant.

*James J. Breen,* Assistant City Solicitor, with him *Michael J. Ryan,* City Solicitor, for appellee.

OPINION BY MR. JUSTICE STEWART, July 3, 1915:

The health authorities of the City of Philadelphia established a quarantine in a certain district within the city limits in which plaintiff resided, because it was infected with small pox. The authorities proposed to relieve from the restrictions of the quarantine such of the

inhabitants as submitted to vaccination. The plaintiff submitted and was vaccinated by a physician employed by the Board of Health without expense to himself. His vaccination was negligently performed, and as a result another and different infection was introduced into his system, which after some months became so localized and virulent that amputation of one of his limbs became necessary. Suit was brought against the city for the recovery of damages. The facts above stated were established to the satisfaction of the jury, and a verdict in the sum of five thousand dollars was accordingly returned. A motion for judgment non obstante followed. The motion prevailed and judgment was directed for the defendant. From the judgment so entered we have this appeal. The one distinctive ground on which the court below rested its conclusion was, that by general rule municipalities are exempt from liability for the negligent acts of its officers and agents, except in case where the negligence occurs in the performance of some duty which has been imposed by law upon the municipality. The rule as thus stated by the court, while correct as far as it goes, leaves somewhat to be supplied because of its conciseness. If we add to it that in order to constitute an exception to the rule the duties so imposed must be imperative and not discretionary, so as to make clear the distinction between duty and authority, or power; and further, that the duty must relate to the municipality's public or governmental functions, as distinguished from its private or corporate functions and duties, the rule as thus stated is one which has always been recognized in our own State, and obtains in most, if not in all, the other states. The law sometimes imposes duties on municipalities which are legislative or judicial in their character, and therefore discretionary. It is only with respect to the performance of these that no liability attaches. With respect to those duties which are absolute and perfect no exemption can be claimed for negligence in their performance. In Betham v. Philadelphia,

196 Pa. 302, it is said: "When a legal duty has been imposed by statutes upon a municipal corporation it is undoubtedly liable for injuries resulting from the neglect of that duty; in such case it stands on the same footing in respect to negligence as a purely private corporation or an individual: Erie City v. Schwingle, 22 Pa. 384; 2 Dillon, Mun. Corp. (4th Ed.), Sections 961-965. But the duty imposed must be absolute or imperative, not such as, under a grant of authority, is entrusted to the judgment and discretion of the municipal authority; for it is a well settled doctrine that a municipal corporation is not liable for an action for damages either for the nonexercise of, or for the manner in which, in good faith, it exercises discretionary powers of a public or legislative character." It is not pretended that in the present case what the city here did was in discharge of a positive and imperative duty imposed on it by law.

As little can it be contended that in doing what it did it was exercising a corporate function for the private advantage and benefit of its inhabitants. "The power or even duty on the part of a municipal corporation to make provision for the public health and for the care of the sick and destitute, appertains to it in its public and not corporate, or as it is sometimes called, private capacity." 2 Dillon on Mun. Corp. (4th Ed.), Section 977. The rule with respect to municipal exemption where a negligence is claimed in cases like the present, is thus stated in the editor's note to the case of Evans v. The City of Kankakee, 231 Ill. 223, on p. 1190, L. R. A., Vol. XIII, N. S. "A municipality is not liable to respond in damages for injuries occasioned through the neglect, incompetence, or wrongful act of its duly appointed officers in enforcing sanitary regulations to prevent the spread of contagious diseases, as the act of such officer or board is the exercise of a governmental or legislative function, rather than one arising from the grant of a special power, in the exercise of which the municipality is the same as a legal individual......The weight of

authority holds that in executing such legislative or governmental function as the enforcement of sanitary regulations to prevent the spread of a contagious disease by assuming the care and custody of a person affected, the municipality acts as a quasi sovereignty, and is not responsible for the negligence or nonfeasance of its officers or agents." The authorities the editor cites are drawn from a wide field, and show how general the rule as stated by him obtains. It is clear beyond question that the negligence here complained of does not fall within the exception to the general rule in regard to municipal exemption, and that the general rule as above stated here governs. The assignments of error are overruled and the judgment is affirmed.