### (January 29, 1951.)

HORTON BARTH, as Administrator of the Estate of CHARLES H. BARTH, Deceased, Appellant-Respondent, v. CENTRAL SCHOOL DISTRICT No. 1 OF THE TOWNS OF CARMEL AND PUTNAM VALLEY, PUTNAM COUNTY, Respondent, and CHARLES MILLER, Appellant.— In an action to recover damages for the death of a boy twelve years and eight months old, killed by a school bus owned and operated by the Central School District No. 1 of the Towns of Carmel and Putnam Valley when it backed upon the school property where the decedent and other pupils of the school were waiting to board the buses, a verdict of the jury in plaintiff's favor against the Central School District and for no cause of action against the driver of the bus was set aside by the trial court as inconsistent, contrary to law and excessive, and a new trial ordered. From the order so setting aside the verdict cross appeals have been taken. Upon appeal by the defendant driver of the bus, the order, insofar as appealed from, is reversed on the law and the facts, with costs, plaintiff's motion denied, the verdict reinstated, and judgment in conformity therewith directed, with costs to that appellant against plaintiff. In our opinion the evidence produced presented a question of fact which the triers of the fact have determined. Upon appeal by the plaintiff the order, insofar as appealed from, is unanimously affirmed, with costs to the Central School District No. 1 to abide the event, unless within ten days after entry of the order hereon plaintiff file a stipulation consenting to reduce the verdict to $25,570, in which event the order, insofar as appealed from, is reversed on the law and the facts, without costs, the verdict in that reduced amount reinstated, and judgment in conformity therewith directed, without costs. In our opinion the record presents substantial evidence

warranting the finding implicit in the verdict of the jury that the defendant-respondent central school district was negligent in failing to provide supervision of the pupils while awaiting the school buses on the school grounds, outside the school building, and in failing to promulgate and enforce rules and regulations for their safety while so waiting. (*Miller* v. *Board of Educ.*, 291 N. Y. 25, 30; *Selleck* v. *Board of Educ.*, 276 App. Div. 263, 266, 267; *Garber* v. *Central School Dist. No. 1*, 251 App. Div. 214, 221.) However, in our opinion, the verdict rendered was grossly excessive. Nolan, P. J., Carswell, Adel, Sneed and MacCrate, JJ., concur.