## McCloskey v. O'Neill

*Abraham Wernick*, for plaintiff.
*John J. King*, for defendant.

REIMEL, J., March 11, 1958.—This is a complaint in equity filed by plaintiff, who is the tenant of premises 229 West Widener Street, Philadelphia, to restrain defendants, who own and occupy premises 227 West Widener Street, from operating an electric exhaust fan in their kitchen because such operation allegedly constitutes a nuisance. Plaintiff also seeks pecuniary damages or other relief. Defendants filed an answer which denied the alleged nuisance. A hearing was

subsequently held to determine the issues. Upon consideration of the pleadings and the evidence offered in support thereof, the court makes the following

### Findings of Fact

1. Plaintiff, Martha McCloskey, is the tenant of premises 229 West Widener Street, Philadelphia, where she has resided for a period of four years.

2. Defendants, James V. O'Neill and Mary O'Neill, are the owners of premises 227 West Widener Street, Philadelphia, where they have resided for a period of 24 years.

3. There is an areaway or side yard between the two adjoining properties which separates the kitchens of said properties, being 6 feet, 2 inches wide and 11 feet, 11 inches long.

4. The kitchen windows of each house face each other.

5. The kitchen doors of each house do not face each other.

6. In the early part of 1955, defendants had installed in the kitchen of premises 227 West Widener Street, Philadelphia, located above the range in defendants' kitchen, one 10-inch, Air King Exhaust Fan with five inch blades, motor model 329 L type meter 70, voltage 115, 1,400 revolutions, made by Airborne Hinge.

7. Said fan was installed in defendants' kitchen by breaking through the side wall of their premises adjacent to the areaway at a point nine feet from the ground of the areaway.

8. Said fan is enclosed in a metal frame, 17 inches square and is covered when not in operation by a cover located on the outside wall, said cover being held in place by a chain to control its opening and closing.

9. Defendants operate the fan with the outside cover open at a 45 degree angle for a period of approximately 10 minutes in the morning, 10 to 20 minutes at night

and on Sunday afternoon in order to eliminate the excess heat and steam incident to the cooking of their meals.

10. Plaintiff complained but once with reference to any odor emitting from said fan; and this was an odor of paint at a time when plaintiff was having her cellar painted in premises 229 West Widener Street, Philadelphia, which adjoins defendants' premises.

11. Said fan does not emit any evil smelling, offensive, disagreeable or malodorous odor.

12. The excess heat and steam emitted by said fan are such as would be incident to, and are commonly experienced in, the preparation of food for meals for the average family.

13. Plaintiff was not made ill by the excess heat and steam emitting from said fan when in operation as an incident to the cooking of meals by said defendants, nor by any odor of food emitting therefrom.

14. Plaintiff's requests for findings of fact nos. 1, 2, 3, 5 and 7 are affirmed and nos. 4, 6, 8, 9 to 14 inclusive, are refused.

15. Defendants' requests for findings of fact nos. 1 to 15, inclusive, are affirmed.

## Discussion

The term "nuisance" is applied to that class of wrongs that arise from the unreasonable, unwarrantable or unlawful use, by a person of his own property, real or personal, or from his own improper, indecent or unlawful conduct producing such material annoyance, inconvenience, discomfort or hurt that the law will presume a subsequent damage: Anderson v. Philadelphia, 380 Pa. 528.

Moreover, the remedy by injunction is summary, peculiar and extraordinary and ought not be issued except for the prevention of great and irreparable mischief. It is not ex debito justiciae for any injury,

threatened or done to the estate or rights of a person, but the granting of equitable relief must always rest in the exercise of a sound discretion governed by the nature of the case: Rick v. Cramp, 357 Pa. 83.

Furthermore, the actor is liable in an action for damages for a nontrespassory invasion of another's interest in the private use and enjoyment of land if, (a) the other has property rights and privileges in respect to the use or enjoyment interfered with; and (b) the invasion is substantial; and (c) the actor's conduct is a legal cause of the invasion; and (d) the invasion is either (1) intentional and unreasonable; or (2) unintentional and otherwise actionable under the rules governing liability for negligent, reckless or ultrahazardous conduct: Burr v. Adam Eidemiller, Inc., 386 Pa. 416; Waschak v. Moffat, 379 Pa. 441; A. L. I. Restatement of the Law of Torts §822.

A member of an organized society should realize that membership therein involves a tolerance of certain elements of urban living. Among these is the average everyday function of food preparation which ordinarily necessitates the use of heat and which ordinarily results in the release into the air of steam and odors necessarily incident to the process. The use of a fan to propel this heat, steam and odor into the outside air is a reasonable, warranted and lawful use which, in the usual case, involves the pleasant odor of food and which does not produce a material annoyance, if any annoyance is produced at all. Causes for annoyance frequently arise from the uses to which adjoining or neighboring properties are put, but in law they do not necessarily constitute indignities that are enjoinable nuisances: Hannum v. Oak Lane Shopping Center, 383 Pa. 618.

. A consideration of the size and type of fan, the size of the areaway, the angle of deflection by the fan cover,

the purpose, manner and time of use of this fan and the relative rights of the parties, leads to the conclusion that any invasion of plaintiff's use and enjoyment of her premises is not substantial or unreasonable, and does not constitute a nuisance. Moreover, plaintiff has not shown any resultant injury. Accordingly, plaintiff's request for an injunction is denied and the complaint is dismissed.

### Conclusions of Law

1. Equity has jurisdiction of the parties and of the subject matter.

2. The mere fact of annoyance does not of itself establish a nuisance.

3. The emission of excess heat and steam as well as possible food odors coming from the fan in defendants' kitchen is a proper and reasonable function, and is little more than would come from an open window.

4. The operation of this fan used for the elimination of excess heat and steam incident to the preparation of the meals of defendants does not amount to a nuisance and cannot be enjoined.

5. Plaintiff's requests for conclusion of law no. 1 is affirmed, and nos. 2 to 6, inclusive, are refused.

6. Defendants' requests for conclusions of law nos. 1 to 4, inclusive, are affirmed, and no. 5 is refused.

### Decree Nisi

And now, to wit, March 11, 1958, it is ordered, adjudged and decreed that:

1. Plaintiff's complaint be dismissed.

2. Costs shall be paid by plaintiff.

The prothonotary is directed to give notice to the parties hereto or to their respective counsel of the filing of this decree nisi and that unless exceptions thereto are filed within 20 days from the date hereof, this decree shall become final.