**Edgar E. MOSS, 2nd, Guardian of the Estate of Martha E. Colwell, a minor**

v.

**SCHOOL DISTRICT OF NORRISTOWN**
and
**Lower Providence Township School District**
and
**Lower Providence-Worchester Joint School District**
and
**George Romano and Fiorre Romano, partners trading as Romano Bros. School Bus.**

**Civ. A. No. 32153.**

United States District Court
E. D. Pennsylvania.

Oct. 21, 1963.

Arlen Specter, of Specter & Katz, Philadelphia, Pa., for plaintiff.

Joseph H. Foster, of White & Williams, Philadelphia, Pa., for defendants.

FREEDMAN, District Judge.

The three School District defendants have filed a joint motion for judgment on the pleadings under Rule 12(c). They seek judgment in their favor on the ground that they are immune from liability for the negligence alleged because the conduct in which they were engaged—the transportation of public school pupils to and from school—is a governmental function.

Plaintiff disputes the position of the School Districts on this question of law. He claims that they have lost their immunity from liability because of active misconduct and also because they permitted the violation of standards of safety in the operation of school busses laid down by the Pennsylvania Department of Public Instruction pursuant to stat-

ute. He claims also that the contract with the operator of the bus, Romano Bros. School Bus, also a defendant, may very well confer on plaintiff a right of action as a third party beneficiary to which the defense of governmental immunity would be unavailable. Plaintiff admits that he has not seen the contract and so far as the record goes there is nothing but speculation regarding its provisions. Finally, he adds that the School District defendants are liable on the separate ground of maintaining a nuisance, to which the immunity doctrine is inapplicable.

 Judgment on the pleadings is, of course, not lightly to be given. On the other hand, litigants should not be required to go through the full and elaborate process of trial of issues when there is a dominating legal principle governing liability which is dispositive of the case without the necessity of trial.

I believe the claims regarding nuisance and active misconduct are without merit. The claim of statutory violation stands on a somewhat different footing. But in any event, there has been injected into the case speculation which may raise factual issues and which apparently can readily be determined in advance of trial. This is the matter of the contract between the operator of the bus and the School Districts. Because of the necessity of caution in dealing with judgment on the pleadings I therefore am reluctant to determine the important legal questions involved until this factual question is clarified. Neither party has acted to have the motion for judgment treated as one for summary judgment under Rule 56, which Rule 12(c) permits. Accordingly I shall at this time deny the motion for judgment on the pleadings, but in doing so expressly reserve to the School District defendants the right to renew their application by a motion for summary judgment. They may, if they deem it desirable and proper, seek to clear up any factual uncertainties relat-

ing to the contract, the transportation of the plaintiff pupil, and similar matters, by affidavit or any other instruments of discovery for ascertaining any of the facts which may affect the question of liability.

### ORDER

AND NOW, October 21, 1963, the motion of School District of Norristown, Lower Providence Township School District, and Lower Providence-Worchester Joint School District, defendants, for judgment on the pleadings is denied without prejudice.