**Edgar E. MOSS, 2nd, Guardian of the Estate of Martha E. Colwell, a minor**

v.

**SCHOOL DISTRICT OF NORRISTOWN,** Lower Providence Township School District, Lower Providence-Worchester Joint School District, George Romano and Fiorre Romano, partners trading as Romano Bros. School Bus.

Civ. A. No. 32153.

United States District Court
E. D. Pennsylvania.

Feb. 3, 1966.

**918**

Marvin Katz, Specter & Katz, Philadelphia, Pa., for plaintiff.

Joseph H. Foster, White & Williams, Philadelphia, Pa., for defendant School Districts.

LUONGO, District Judge.

This suit by the guardian of a minor against three School Districts and against the operator of a school bus service seeks to recover for personal injuries to the minor from an assault and battery upon her after she disembarked from a school bus. The defendant School Districts have moved for summary judgment on the ground of governmental immunity. Earlier in these proceedings the School Districts sought judgment on the pleadings, asserting the same defense of governmental immunity. Judgment was then refused[1] because it could not be determined from the pleadings whether, in furnishing transportation for the minor plaintiff to and from school, the School District defendants were performing a governmental function, and because the pleadings did not rule out the possibility of a right of action based on breach of contract, a claim as to which the defense of governmental immunity would not be available. The court refused judgment on the pleadings, but without prejudice to the right of the School District defendants to move for summary judgment when matters not incorporated in the pleadings were made part of the rec-

ord. The deficiencies which existed in the record at the time of the motion for judgment on the pleadings have now been cured and the School District defendants' motion for summary judgment will be granted.

In resisting this motion, plaintiff advances four arguments for the contention that the defense of governmental immunity is not applicable here.

(a) The School District defendants were not performing a governmental function.

(b) Plaintiff has (or may have) a right of action based on breach of contract.

(c) The conduct here complained of constituted a nuisance.

(d) The members of the School Districts failed to carry out duties imposed upon them by statute.

None of these grounds warrants withholding the grant of summary judgment.

(a) *Governmental Function.*

At the time of the motion for judgment on the pleadings, there was nothing before the court concerning the circumstances under which and the reasons why the defendant School Districts were furnishing transportation to the minor plaintiff. It has now been established, by affidavit and by deposition, that the minor plaintiff resided in Lower Providence Township, a school district of the third class; that Worchester Township was a fourth class school district; that prior to October 1960 Lower Providence and Worchester Townships had combined to form a joint school system; that there was no school at the junior high level available to the minor plaintiff in Lower Providence or within two miles of her residence; that at the time of the occurrence minor plaintiff was attending junior high school classes in the Norristown School District, with the cost of the tuition as well as transportation to and from school being borne by Lower Providence Township. That arrange-

---

1. Memorandum Opinion of then District Judge, now Circuit Judge Freedman, October 21, 1963, D.C., 33 F.R.D. 518.

ment was made pursuant to Pa.Stat.Ann. tit. 24, § 13–1331 which provides:

"§ 13–1331. Free transportation or board and lodging

In case there is no public school with the proper grades in session within two miles by the shortest public highway of the residence of any child in a school district of the fourth class, or in a township which is a school district of the third class, or in a borough which has a population of less than five hundred (500) inhabitants to the square mile and which is a school district of the third class, such child shall be furnished proper transportation at the expense of the school district to and from a school with the proper grades. When it is not feasible to provide such transportation, the board of school directors may, in lieu thereof with the approval of the Department of Public Instruction, pay for suitable board and lodging for any such child." (Footnotes omitted.)

From the foregoing it is clear beyond question that in furnishing transportation to the minor plaintiff, the defendant School Districts were carrying out a duty under legislative mandate and that they were performing a governmental function for which they were entitled to immunity from liability for negligence of servants, agents and employees. Shields v. Pittsburgh School Dist., 408 Pa. 388, 184 A.2d 240 (1962); Supler v. North Franklin Township School Dist., 407 Pa. 657, 182 A.2d 535 (1962); Kesman v. Fallowfield Township School Dist., 345 Pa. 457, 29 A.2d 17 (1942); Goldstein v. Philadelphia School Dist., 329 Pa. 71, 196 A. 863 (1938). And see: Stouffer v. Morrison, 400 Pa. 497, 162 A.2d 378 (1960); Anderson v. City of Philadelphia, 380 Pa. 528, 112 A.2d 92 (1955).

I find it hard to understand plaintiff's citation of Landerman v. Churchill Area School Dist., 414 Pa. 530, 200 A.2d 867 (1964) as authority that the furnishing of transportation is not required. That suit involved a section of the School Code [2] under which the furnishing of transportation was discretionary whereas under Pa.Stat.Ann. tit. 24, § 13–1331 here involved, it was mandatory. Equally puzzling is plaintiff's reliance on Morris v. Mount Lebanon Township School Dist., 393 Pa. 633, 144 A.2d 737 (1958) against defendant School Districts' governmental immunity claim. Of course, the governmental immunity defense is not available for a proprietary function. That is what was involved in *Morris* in which the injury was sustained during the operation of a summer day camp, not required by statute, attendance at which was open to the general public and for which a fee was charged.

(b) *Cause of action based on breach of contract.*

In successfully resisting the motion for judgment on the pleadings, plaintiff contended that the contract between the School Districts and the bus operator might well afford the basis for a cause of action for breach of contract with the minor plaintiff as a third-party beneficiary. Since no copy was attached to the pleadings, the contract was not then before the court. Now, through answers to plaintiff's interrogatories, a copy of the agreement between Lower Providence-Worchester Joint School System and Romano Brothers has been made part of the record. Although he has had almost a year to study it, plaintiff has pointed to no provision in that contract evidencing an intention on the part of the contracting parties to confer third-

2. Pa.Stat.Ann. tit. 24, § 13–1361. That section provides as follows:

"The board of school directors in any school district may, out of the funds of the district, provide for the free transportation of any resident pupil to and from the public schools and to and from any points in the Commonwealth in or-

der to provide tours for any purpose connected with the educational pursuits of the pupils. They shall provide such transportation whenever so required by any of the provisions of this act or of any other act of Assembly." (Footnote omitted.)

party beneficiary rights upon the minor plaintiff. The court has independently examined the terms of that contract and finds none. In that respect the contract here is unlike that in Thompson v. Harry C. Erb, Inc., 240 F.2d 452, 453 (3d Cir. 1957) where the contract obligated the contractor to pay damages to persons injured " '*irrespective* of whether or not such injuries or damage be due to negligence or to the inherent nature of the work.' " And Brinton v. School Dist. of Shenango Township, 81 Pa.Super. 450 (1923) relied on by plaintiff, is of no help. All that case holds is that a state agency or instrumentality may be liable for breach of contract. Here, of course, there is no contract between plaintiff or minor plaintiff and School Districts, consequently there is no basis for a direct breach of contract claim, nor has plaintiff been able to point to any contract between School Districts and others conferring third-party beneficiary rights upon plaintiff or minor plaintiff.

Apparently realizing that the contract between School Districts and the bus operator affords him no ground for relief, plaintiff now asks the court to withhold the grant of summary judgment because he might be able, through discovery, to come up with something on which to base a breach of contract claim. He has not suggested the source from which such contract might be discovered, or who the contracting parties might be, or in what manner such contract might afford to plaintiff the basis for a claim of breach of contract. The incident complained of here occurred more than five years ago, on October 27, 1960. Suit was instituted October 5, 1962, more than three years ago. Plaintiff has had full opportunity during all that time to discover all relevant contracts. The only contract which has been discovered to date does plaintiff no good and he has given me no cause to believe that further discovery will likely unearth any which would. To withhold action at this late date on such speculation and conjecture would be unwarranted.

(c) *Nuisance.*

In a further effort to get over or around the hurdle of governmental immunity, plaintiff asserts that governmental immunity is not a defense to a claim for damages arising from nuisance. In that aspect of his argument, plaintiff asks that I withhold action on the motion for summary judgment until he has had full opportunity, by discovery, to demonstrate a course of conduct constituting a nuisance.

In the consideration of this motion for summary judgment, I am assuming that the plaintiff will be able to establish everything he seeks to establish concerning the operation of the school bus, including that which appears in the minor's deposition, e. g., inter alia, that the bus operator failed to maintain a proper measure of discipline; that the children misbehaved; that this misbehavior continued for a long period of time; that the conditions were known to the defendant School Districts; that children were not assigned to seats as required by regulations of the State Department of Instruction; that children were permitted to get off the bus at stops other than the ones designated for each; that the children and the driver smoked on the bus, etc., etc. Accepting as true all of those things which plaintiff seeks to establish by further discovery, as a matter of law they fail to establish a nuisance. In Anderson v. City of Philadelphia, 380 Pa. 528, 112 A.2d 92 (1955) a youthful inmate sustained injuries from a beating administered by other inmates in a House of Corrections where, it was contended, for a period of eight months inmates conducted a "kangaroo court" in which charges were brought against other inmates and penalties inflicted in the form of beatings administered by "executioners." In that case the court quoted the definition of nuisance from Kramer v. Pittsburgh Coal Co., 341 Pa. 379, 381, 19 A.2d 362 (1941):

" 'In legal phraseology, the term "nuisance" is applied to that class of wrongs that arise from the unreasonable, unwarrantable, or un-

lawful *use by a person of his own property*, real or personal, or from his own improper, indecent, or unlawful personal conduct * * * and producing such material annoyance, inconvenience, discomfort or hurt that the law will presume a consequent damage.' "

and concluded:

"We cannot but hold that the acts here claimed to constitute a nuisance are not such as were contemplated by the foregoing definition. Nor were they such as to fall within the class of wrongs set forth in Briegel v. City of Philadelphia, 135 Pa. 451, 19 A. 1038 * * *. Stripped down, they consisted of nothing more than negligence in the performance of duty by the employes, and clearly within the general rule denying recovery." Anderson v. City of Philadelphia, supra, 380 Pa. p. 531, 112 A.2d p. 93.

Further, in Carlo v. City of Scranton School Dist., 319 Pa. 417, 179 A. 561 (1935), it was held that a flagstaff maintained for months in a defective, rusted and weakened condition on school property did not constitute a nuisance, and a person on the public sidewalk injured by the falling flagstaff could not recover because maintenance of the defective flagstaff was negligence and fell within the doctrine of governmental immunity. In that case it was stated, at page 419, 179 A. at page 562:

"It is unnecessary to consider whether the maintenance of an undoubted nuisance would, in the event of injury resulting from it, subject a school district to liability, for the allegations of the statement of claim aver a breach of duty that cannot

be distinguished in principle from other trespass cases in which pleas of immunity by school districts have met with judicial acceptance. The characterization as a 'nuisance' of the situation presented in the statement of claim is warranted only on the theory that every negligent act of omission or commission is a nuisance."

So here, all of the factual circumstances and inferences argued by plaintiff in his brief are but evidence of negligence of the defendant School Districts' agents and employees. Even if persisted in for a period of time, and even if known to the defendant School Districts, that course of conduct cannot, in law, amount to a nuisance.

(d) *Failure to perform duties imposed by statute.*

■ Plaintiff's final argument in his attempt to avoid the clutches of the governmental immunity defense is that it is not available where, as here, the members of the School Districts have failed to perform duties imposed upon them by law. Plaintiff points to a provision in the School Code (Pa.Stat.Ann. tit. 24, § 13–1364) under which the Department of Public Instruction is empowered to promulgate rules and regulations regarding the transportation of pupils by bus, asserts that the members of the defendant School Districts failed to carry out the duties imposed upon them by such rules and regulations, and argues from that that the School Districts are not entitled to assert the defense of governmental immunity. There is no authority for the contention advanced by counsel. The cases from other jurisdictions alleged to support that principle do not,[3] and the

3. The cases from other jurisdictions upon which plaintiff relies only serve to point out the weakness of his position. The New York cases, Barth v. Central School Dist., 278 App.Div. 585, 102 N.Y.S.2d 263 (1951) and Ferraro v. Board of Education, 32 Misc.2d 563, 212 N.Y.S.2d 615 (1961) are patently inapposite since that state long ago abrogated by statute the doctrine of sovereign immunity. N.Y. Court of Claims Act § 8. See Domino v. Mercurio,

17 A.D.2d 342, 234 N.Y.S.2d 1011 (1962), aff'd on other grounds, 13 N.Y.2d 922, 244 N.Y.S.2d 69, 193 N.E.2d 893 (1963). The Virginia case, County School Board of Orange County v. Thomas, 201 Va. 608, 112 S.E.2d 877 (1960), is equally inapplicable in the instant situation since the Virginia court has made it clear in a subsequent decision that *Thomas* " * * * is not in conflict with the doctrine of a school board's governmental

court has been unable to find any authority so holding. To adopt this argument of plaintiff would be to demolish the doctrine of governmental immunity. However desirable that might be (see dissenting opinion in Stouffer v. Morrison, supra, 400 Pa. p. 502, 162 A.2d 378) it is not for this court to perform the execution. Until the doctrine meets its legislative demise, it is the duty of the court to apply it when and where applicable. It is applicable here and the defendant School Districts are entitled to judgment in their favor.

See also D.C., 249 F.Supp. 877.

immunity in the absence of a statute imposing liability for a tort * * *" and that liability in *Thomas* was bottomed on a specific statute rendering the school board liable for the tort committed in that case. Kellam v. School Board, 202 Va. 252, 117 S.E.2d 96, 98–99 (1960).

Finally, the Maryland case upon which plaintiff relies, State for Use of Parr v. Commissioner, 207 Md. 91, 113 A.2d 397 (1955), is at best inconclusive since the court there pointed out specifically that none of the parties claimed governmental immunity. Id. 113 A.2d at 401.