Murray T. Feideh, J.
In an action against the Board of Education to recover damages for injuries sustained by the infant plaintiff when he was struck by a hat wielded by another infant, the jury returned a verdict in favor of plaintiffs. The defendant moved to set aside the verdict upon the grounds specified in section 549 of the Civil Practice Act. Decision was reserved on this motion, on the motions to dismiss the complaint made at the end of plaintiffs’ case and of the entire case, and on the motion for a directed verdict.
The verdict in plaintiffs’ favor constrains the court to view the evidence adduced by plaintiffs in its most favorable aspect. It would appear therefrom that the infant plaintiff was one of a group of some 45 boys playing “ catch-a-fly ” in a public playground under the supervision of a teacher employed by the Board of Education.
According to the plaintiffs, the teacher was distributing milk on a step in a doorway at a point approximately 30 feet from the third base of the field where play was in progress. Michael, the infant plaintiff, hit a high fly a short way from home plate. Instead of remaining there, he dropped his hat and ran out to catch the ball. Meanwhile, another hoy, Anthony Occhuzzio. *71 also an infant, who had been standing halfway between home plate and first or third base, with a bat in his hand, ran towards the descending ball which Michael was then trying to catch, swung at the ball with his bat and struck Michael, inflicting the injuries for which this suit has been brought.
Two of the plaintiffs ’ contentions may be considered together ; firstly, that the teacher was not providing supervision because he was engaged in the distribution of milk and, secondly, that if the teacher had been supervising he could have done something such as blowing his whistle to prevent the occurrence and ensuing injury.
The teacher testified that he employed a monitor system for the distribution of the milk, but even if it be assumed that he was, in fact, distributing milk, that would not avail the plaintiff, inasmuch as general supervision by a teacher is all that is required.
There is no requirement that the teacher have under constant and unremitting scrutiny the precise spots Avherein every phase of play activity is being pursued; nor is there compulsion that the general supervision be continuous and direct. See Ohman v. Board of Educ. of City of N. Y. (300 N. Y. 306), Avhere a teachei left the class to attend to a matter in the office of the principal (Talevi v. Metropolitan Life Ins. Co., 7 A D 2d 900 ; see, also, Curcio v. City of New York, 275 N. Y. 20 ; Peterson v. City of New York, 265 N. Y. 204 ; Laub v. City of New York, 271 App. Div. 797 ; Blume v. City of Newburgh, 291 N. Y. 739 to the same effect.)
Even if the teacher had had the game under steady observation and the measure of his supervision had been constant, an assumption that he could haAu> anticipated what ensued would be Avithout justifiable warrant. The teacher would be required to be invested Avith a profound prescience to have foreseen that Michael Avould attempt, after batting the ball, to run to catch it and that Tony would suddenly run towards the ball with bat in hand and, Avithout AAmrning, sAA-ing Avith his bat at the descending ball Avhile Michael A\ as endeavoring to snare it.
To urge that the teacher should have anticipated each of the separate occurrences constituting the links in the chain of events hereinabove recited, or that a blast by the teacher on his whistle Avould have frozen the two boys into instant immobility and averted the accident Avhich ensued, is indulgence in pure speculation. This reasoning is fortified by the fact that Anthony Occhuzzio said that he saw Michael at the last moment but that he could not check his SAving. This Avas an accident that *72 could occur equally in the presence or absence of the teacher. (Ohman v. Board of Educ. of City of N. Y., 300 N. Y. 306, supra ; Curcio v. City of New York, 275 N. Y. 20.)
In the context of all the foregoing, it would be without judicial sanction to conclude that the circumstances described were within the orbit of reasonable apprehension.
The case of Lopez v. City of New York (4 A D 2d 48) cited by plaintiffs, is not in point. There, the infant plaintiff was injured in a playground during the noon hour school recess as the result of having been struck by a swing. At the time of the accident the supervisor was eating his lunch in a building of the playground; hence, there was no supervision at all. The court said (p. 51) that the supervisor had abandoned his “ duty of general supervision and had in effect terminated any measures designed to care for and protect the youngsters at play” and that the accident was not the result of “ temporary absence ” or “ momentary inattention.” Parenthetically, it may be noted that Mr. Justice Beldock, in his dissenting opinion, pointed out that the absence of supervision was not causally related to the accident.
Barth v. Central School Dist. (278 App. Div. 585, 586) also relied upon by plaintiff, was a case where the school district failed to “ provide supervision of the pupils while awaiting the school buses on the school grounds ’ ’.
Other cases cited by the plaintiff such as Rivera v. Board of Educ. (11 A D 2d 7) and Germond v. Board of Educ. of Cent. School Dist. No. 1 (10 A D 2d 139) deal with the question of the adequacy or absence of supervision rather than whether the lack of supervision was causally connected with the injury which resulted in those cases or whether supervision could have prevented the occurrence.
In the Germond case (supra) there was no supervision of the older girls who came onto the field and the game which was being played was in violation of the rules in that the equipment used had not been issued upon written request. In the Rivera case (supra) the complaint had been dismissed on the opening statement of plaintiffs’ counsel. The Appellate Division held that no complaint should be dismissed unless it appears beyond doubt that no question of fact is involved and that without the submission of plaintiffs’ proof it could not be said as a matter of law that the claim of lack of supervision was not the proximate cause of the accident.
In the instant case the court is of the opinion that the supervision provided was adequate; that it was not negligently exer *73 cised and that, in any event, even more vigilant supervision would not have averted the accident. The defendant should not be required to respond in damages to the plaintiffs for the sudden, impulsive and spontaneous action of another participant in the game (Talevi v. Metropolitan Life Ins. Co., 7 A D 2d 900, supra.)
Accordingly, the motion by defendant to dismiss the complaint at the end of the whole case is granted with appropriate exception to plaintiff.