TOMÁS AMILIVIA NAZARIO ET AL., Plaintiffs and Appellees, *v.* COMMONWEALTH OF PUERTO RICO and/or DEPARTMENT OF EDUCATION, Defendants and Appellants.

No. R-70-196.      Decided June 15, 1971.

*Gilberto Gierbolini, Solicitor General, J. F. Rodríguez Rivera, Deputy Solicitor General,* and *Adolfo Negrón Cruz, Assistant Solicitor General,* for appellants. *W. Meléndez Lugo* for appellees.

PER CURIAM: Ángel Luis Amilivia lost an eye upon being hit by a stone when he was playing in the school yard with another boy. Represented by his father he brought an action against the Commonwealth. He was compensated. In its decision the trial court made the following findings of fact:

"That day the minor plaintiff was present in his schoolroom until 3:00 p.m., time for dismissal, and when the bell rang he left the schoolroom together with several of his classmates.

"Instead of going home, said minor, together with several friends, remained in the yard waiting for other friends. While they were there they started to play throwing stones at each other, stones which they picked up from those they found there and, particularly, those left there after the demolition of the aforementioned tower.

"When they were still playing, as we have already stated, a janitor from Barbosa School went from said school to Hernández School crossing the yard, and returned through the same route, and saw the children in the dangerous game of throwing stones at each other. Said janitor did nothing to dissuade the children from the dangerous game and did not report what was happening either.

"Five or ten minutes after they started to play, at about 3:15 p.m., minor José Luis Liceaga, student of Hernández School, threw a stone hitting the minor claimant on his right eye. The injury produced by the stone to the plaintiff minor resulted in the loss of the latter's eye, which was replaced by a glass eye.

"As a consequence of said injury minor Amilivia suffered intense physical and moral pains and his parents likewise suffered intense moral and mental anguish.

"At the time of the unfortunate accident, none of the teachers was in the said playground or yard, but the school director or principal, her secretary, one of the teachers and the aforementioned janitor were in a nearby office.

"Prior to the date of this accident the school children had participated in this kind of game on several occasions, throwing stones at each other, the defendant's agents having failed to intervene to prevent it."

To impose liability on the Commonwealth on the basis of these facts is tantamount to requiring a total and constant supervision of all the students who attend the public schools. That is not required by the law. It cannot be imposed by the courts. In California the law imposes said liability.[1] *Ziegler* v. *Santa Cruz City High School District*, 335 P.2d 709 (Cal. 1959); *Dailey* v. *Los Angeles Unified School District*, 470 P.2d 360 (1970). But where similar provisions do not exist the courts have stated that:

---

[1] The pertinent provision reads as follows:

"Every teacher in the public schools shall hold pupils to a strict account for their conduct on the way to and from school, on the playgrounds or during recess. A teacher, vice principal, or principal shall not be subject to criminal prosecution or criminal penalties for the exercise, during the performance of his duties, of the same degree of physical control over a pupil that a parent would be legally privileged to exercise but which in no event shall exceed the amount of physical control reasonably necessary to maintain order, protect property, or protect the health and safety of pupils, or to maintain proper and appropriate conditions conducive to learning. The provisions of this section are in addition to and do not supersede the provisions of Section 10854 of this Code."

"There is no requirement that the teacher have under constant and unremitting scrutiny the precise spots wherein every phase of play activity is being pursued; nor is there compulsion that the general supervision be continuous and direct."

*Nestor* v. *City of New York*, 211 N.Y.S.2d 975 (1961).

The judgment appealed from will be reversed.[2]

Mr. Chief Justice Negrón Fernández and Mr. Justice Martín did not participate herein.

---

[2] Section 1803 of the Civil Code of Puerto Rico provides in part that: "The father, and in the event of his death or incapacitation, the mother, is liable for the damage caused by the minor children living with them."