TOMÁS AMILIVIA NAZARIO ET AL., demandantes y recurridos, *v.* ESTADO LIBRE ASOCIADO DE PUERTO RICO, y/o DEPARTAMENTO DE INSTRUCCIÓN, demandados y recurrentes.

*Número:* R-70-196          *Resuelto:* 15 de junio de 1971

*Gilberto Gierbolini, Procurador General, J. F. Rodríguez Rivera, Sub-procurador General, y Adolfo Negrón Cruz, Procurador General Auxiliar,* abogados de los recurrentes; *W. Meléndez Lugo,* abogado de los recurridos.

PER CURIAM: Ángel Luis Amilivia perdió un ojo al ser alcanzado por una piedra mientras jugaba en el patio de una escuela con otro niño. Representado por su padre incoó acción en contra del Estado Libre Asociado. Fue compensado. Al fallar el tribunal de instancia formuló las siguientes determinaciones de hechos:

"El menor demandante estuvo presente en su salón ese día hasta las 3:00 P.M. hora en que al sonar el timbre de salida, salió del salón de clases junto a varios de sus condiscípulos.

En lugar de encaminarse a su casa, dicho menor, junto a varios amigos, permaneció en el patio en espera de otros amiguitos. Mientras allí se encontraban comenzaron a jugar tirándose piedras unos a otros, cuyas piedras recogían de las que por allí se encontraban y, particular, de las abandonadas al demolerse la torre ya mencionada.

Cuando aún se encontraban jugando como se deja dicho una conserje de la escuela Barbosa caminó de la escuela Barbosa hasta la Hernández, cruzando el patio, y regresó por igual ruta, observando a los niños en el peligroso juego de apedrearse unos a otros. Dicha conserje, nada hizo para disuadir a los niños del peligroso juego ni informó lo que ocurría.

Al cabo de unos 5 ó 10 minutos de comenzado el juego, como a las 3:15 P.M., el menor José Luis Liceaga, estudiante de la escuela Hernández, lanzó una piedra alcanzando al menor reclamante sobre el ojo derecho. La lesión producídale al menor demandante por la piedra causó que éste perdiera su ojo sustituyéndosele con uno de cristal.

Como consecuencia de dicha lesión el menor Amilivia sufrió intensos dolores físicos y morales y sus padres padecieron de igual modo hondos sufrimientos morales y mentales.

Al momento del desgraciado accidente, no se hallaba en la referida área de recreo o patio ningún profesor pero en una oficina cercana se encontraban la directora o principal de escuela, su secretaria, una de las profesoras y la conserje aludida anteriormente.

Con anterioridad a la fecha de este accidente los niños escolares habían participado en este tipo de juego lanzándose piedras en diversas ocasiones sin que los agentes del demandado interviniesen para impedirlo."

Imponerle responsabilidad al Estado Libre Asociado con estos hechos equivale a exigirle una supervisión total y constante sobre todos los alumnos que asisten a las escuelas públicas. Eso no lo exige la ley. No puede imponérselo los tribunales. En California la ley le impone esa responsabilidad.(1) *Ziegler* v. *Santa Cruz City High School District,*

---

(1) Lee así la disposición pertinente:

"Every teacher in the public schools shall hold pupils to a strict account for their conduct on the way to and from school, on the playgrounds, or during recess. A teacher, vice principal, or principal shall not be subject to criminal prosecution or criminal penalties for the exercise, during the performance of his duties, of the same degree of physical control over a pupil that a parent would be legally privileged to exercise but which in no event shall exceed the amount of physical control reasonably necessary to maintain order, protect property, or protect the health and safety of

335 P.2d 709 (Cal. 1959); *Dailey* v. *Los Angeles Unified School District*, 470 P.2d 360 (1970). Pero donde no existen disposiciones similares las cortes han expresado que:

"No se requiere del maestro que tenga bajo continua e incesante vigilancia cada una de las áreas de juego; ni tampoco se exige que la supervisión general sea continua y directa."

*Nestor* v. *City of New York*, 211 N.Y.S.2d 975 (1961).

*Se revocará la sentencia recurrida.* (²)

El Juez Presidente Señor Negrón Fernández y el Juez Asociado Señor Martín no intervinieron.

---

pupils, or to maintain proper and appropriate conditions conducive to learning. The provisions of this section are in addition to and do not supersede the provisions of Section 10854 of this code."

(²) El Art. 1803 del Código Civil de Puerto Rico dispone en parte que: "El padre y por muerte o incapacidad de éste, la madre, son responsables de los perjuicios causados por los hijos menores de edad que viven en su compañía."